IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN WATERLOO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> FREDRICK PURIFOY, <br> Defendants. | No. 09-CR-2019-LRR <br><br> ORDER FOR PRETRIAL DETENTION |

On the 15th day of July, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Stephanie Rose. The Defendant appeared personally and was represented by attorney Jill M. Johnston.

## RELEVANT FACTS

On July 8, 2009, Defendant Fredrick Purifoy was charged by Indictment (Docket No. 2), with being a felon in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on September 8, 2009.

The Government did not offer any evidence regarding the facts underlying the instant charge, relying instead on the information provided in the Pretrial Services Report. According to the report, Defendant is 27-years old, unmarried, and has no children. At age 17, Defendant was charged with two counts of robbery in the second degree, burglary in the third degree, and kidnaping in the third degree. Defendant's case was transferred

from Juvenile Court to the District Court; and in February 1999, Defendant was sentenced to an indeterminate prison term not to exceed ten years. In May 2006, Defendant was released on work release to a Waterloo residential facility. In June 2006, however, Defendant was charged with voluntary absence/escape from the residential facility. His work release was revoked, and Defendant was returned to prison where he remained until his discharge on December 24, 2007.

According to the Pretrial Services Report, Defendant was charged in March 2008, with theft in the fifth degree. The report states that he failed to appear for arraignment, but was subsequently convicted and fined $100.00. At the instant hearing, counsel for Defendant proffered that Defendant had no recollection of being convicted of the theft charge in March 2008.

On September 28, 2008, Defendant was arrested following an incident which gives rise to the instant federal charge. According to the Pretrial Services Report, officers attempted to stop Defendant by activating their lights and siren, but Defendant initially refused to stop his vehicle. As the officer approached the Defendant's vehicle on foot, Defendant allegedly attempted to accelerate, but the vehicle was in park. The Pretrial Services Report makes no reference to the loaded .22 caliber semiautomatic handgun referred to in the Indictment.

Defendant was apparently detained in state custody from his arrest on September 28, 2008, to December 29, 2008. Almost immediately following his release, Defendant started smoking marijuana and using cocaine. When asked about his usage, Defendant would initially deny using drugs but would then admit using marijuana when the state court probation officer suggested a drug test. The urine specimen taken on June 16, 2009, tested positive for marijuana and cocaine.

Defendant participated in a drug assessment at Pathways in Waterloo on March 4, 2009. It was recommended that he receive extensive outpatient treatment. Defendant failed to appear for the first session, and the program did not begin until May 1, 2009. After attending the first two sessions, Defendant failed to appear for the third session on June 15, 2009. On the following day, however, defendant told his probation officer that he had been participating in the drug treatment program.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Acts of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id*. at 755.

If the Government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Killing*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings,

and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. The charge arises following a stop of Defendant's vehicle on September 28, 2008. No evidence was offered at the instant hearing, however, and the Pretrial Services Report does not make any reference to the handgun referred to in the Indictment. Accordingly, the Court is unable to weigh the evidence against the Defendant. The Defendant has ties to the Waterloo, Iowa, area; and his mother and siblings continue to reside there. Defendant has been unemployed since he quit his job early in 2008. When initially released from prison in 2006, Defendant walked away from a halfway house and his release was revoked. When Defendant was released from state court custody following the incident which gives rise to the instant charge, he immediately began using drugs. Defendant lied to his probation officer about his drug usage, failed to follow through on outpatient treatment, and continued to use drugs until at least June 2009. The Court is not confident that Defendant would comply with any terms or conditions which the Court may impose on his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDERED**

**IT IS THEREFORE ORDERED** as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 13, 2009) to the filing of this Ruling (July 15, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

**DATED** this 15th day of July, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA